| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Michael Joseph Gallegos** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the District of Idaho | |
| Case number: (If known) | 18-00597 |

☑ Check if this is an amended plan, and list below the sections of that plan that have been changed.

1.1, 2.1, 3.1, 3.3, 3.4, 4.3, 4.4, 4.5

# Idaho Form Chapter 13 Plan - FIRST AMENDED                    12/17

## Part 1:  Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the bankruptcy court. The bankruptcy court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters are of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not included |
| 1.4 | Discharge: Debtor 1 is eligible for discharge of debts | ☑ Eligible | ☐ Not eligible |
| | Discharge: Debtor 2 is eligible for discharge of debts | ☐ Eligible | ☑ Not eligible |

## Part 2:  Plan Payments and Length of Plan

2.1  No later than thirty (30) days after the date the bankruptcy petition is filed, debtor(s) will commence making regular payments to the trustee as follows:

**$1675** per **Month** for **36** months
**$1600** per **Month** for **24** months

The Applicable Commitment Period is **60** months. Debtor(s) may not pay off this plan in less than the term of the plan without notice to interested parties and an opportunity for hearing before the court unless the plan pays all allowed unsecured claims in full.

**2.2** **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

Debtor(s) acknowledge that if the debtor(s) is/are ever more than thirty (30) days delinquent on any payment due under this Section 2.1, upon request of the trustee, or request of the debtor(s) at any time, a payroll deduction order to debtor(s)' employer may immediately be issued.

**2.3\*\*\*** **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) project income tax refunds during the term of this plan. During the Applicable Commitment Period, debtor(s) will turn over to trustee all net income tax refunds. At any time during the term of the plan, debtor(s) shall be entitled to use a tax refund to pay taxes due any other income taxing authority and/or reasonable tax return preparation fees (not to exceed $200.00), unless already budgeted. Upon a stipulation between the trustee and the debtor(s), approved by an order of the court, the debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtor(s).

☐ Debtor(s) will treat income tax refunds as follows:

**2.4** **Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **The trustee, for cause, may defer not more than two monthly payments per calendar year and not more than four payments over the term of the plan, without further notice to parties or a hearing before the court.**

**Part 3:** **Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment (including escrow) $ amount | Amount of arrearage (if any) $ amount | Interest rate on arrearage (if applicable) enter % | Monthly payment on arrearage $ amount | Estimated Total payments by trustee $ amount |
|---|---|---|---|---|---|---|
| **Shellpoint Mortgage Servicing** | **570 E. Ocelot Ct. Meridian, ID 83646 Ada County** | $1,342.02<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $57,406.00 | 0.00% | $833.33 for Months 1 - 36, $1,141.92 for Months 37 - 60 | $57,406.00 |

3.2     **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑     The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim ($ amount) Date of Contract | Interest rate (enter %) | Monthly plan payment ($ amount) | Estimated total payments to trustee ($ amount) |
|---|---|---|---|---|---|
| **Wells Fargo Dealer Services** | **2008 Dodge Ram 1500** | $12,337.62<br>Date **June, 2017** | 4.00% | $363.86 over 36 months<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $13,099.08 over 36 months |

3.4     **Lien avoidance**.

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5     **Surrender of collateral.**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6**   **Adequate Protection Payments.**

*Check one*

☑   **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

**3.7**   **Post-Petition Real Property Tax Payments.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*
☑ Real property taxes are paid through escrow by debtor(s)' mortgage holder.
☐ Real property taxes are paid directly by the debtor(s).

| Part 4: | Treatment of Fees and Priority Claims |

**4.1**   **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest.

**4.2**   **Trustee's fees**

Trustee's fees are governed and paid as provided by 28 U.S.C. § 586.

**4.3\*\*\***   **Attorney's fees.**

*Check one.*

☐ Debtor(s)' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016.1, of $_____ (not to exceed $4,000), exclusive of costs. Said attorney has received $_____ prior to the filing hereof and is to be paid the remaining amount in monthly payments over the initial _____ months of distribution or in such longer period as is required to allow the trustee to make the set monthly installments as set forth in this plan.

☑ Fees and costs to the debtor(s)' attorney in an amount to be proven and allowed by the court, which is estimated not to exceed **$5,000.00**. This is in addition to the fee retainer paid pre-petition (**$1,690.00**) and any sums allowed in any previous orders. Be advised that the amount stated herein is an estimate and debtor's attorney may apply for fees in excess of the estimated amount. Attorney must file and serve a detailed fee application on interested parties, who will have an opportunity to review and object to such fee application. Fees approved by the court shall be paid as an administrative priority expense, with priority over unsecured priority claims identified in 11 U.S.C. § 507(a)(2)-(9).

**4.4\*\*\***   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐ The debtor(s) estimate the total amount of other priority claims to be **$0.00** payable in equal monthly installments over the term of the plan.
☑ The debtor(s) estimate the total amount of other priority claims to be **$7,400.00** payable as funds become available after set monthly installments pursuant to the plan are made and after higher priority unsecured claims are paid.

**4.5**   **Domestic support obligations.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ The debtor(s) is/are current on domestic support obligations and will continue to make post-petition payments pursuant to the support order.

**18-00957-TLM | In re Gallegos**

**Idaho Form Chapter 13 Plan - FIRST Amended**                                                                                                             **Page** 4 **of** 7

☐ Unsecured claims for domestic support obligations allowed under 11 U.S.C. § 507(a)(1)(A), which are estimated to be $__0.00__, shall be paid in equal monthly installments over the term of the plan. The debtor(s) will continue to make post-petition payments pursuant to the support order.

☐ Unsecured claims for domestic support obligations allowed under 11 U.S.C. § 507(a)(1)(B) shall be paid in equal monthly installments over the term of the plan. The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid ($ amount) |
|---|---|
| **Anne Gallegos** | $0.00 |

By signing and submitting this plan, the debtor(s) certify that all post-petition domestic support obligations have been paid in full since the date of filing this case and will be paid in full at the time of the confirmation hearing. Debtor(s) acknowledge that timely payment of such post-petition domestic support obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata from, the funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**.

Payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.**

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1   Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☑ plan confirmation.
☐ entry of discharge
☐ other: _____

**18-00957-TLM | In re Gallegos**

**Idaho Form Chapter 13 Plan - FIRST Amended**                                                                             Page 5 of 7

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Idaho Form Chapter 13 Plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective unless noted in this Part 8.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**Para 2.3:**  Debtor(s) project income tax refunds during the term of this plan. During the Applicable Commitment Period, debtor(s) will turn over to trustee all net income tax refunds. At any time during the term of the plan, debtor(s) shall be entitled to use a tax refund to pay taxes due any other income taxing authority and/or reasonable tax return preparation fees (not to exceed $200.00), unless already budgeted. Upon a stipulation between the trustee and the debtor(s), approved by an order of the court, the debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtor(s).

**Para 4.3:**  Fees and costs to the debtor(s)' attorney in an amount to be proven and allowed by the court, which is estimated not to exceed $**5,000.00**.  This is in addition to the fee retainer paid pre-petition ($ **1,690.00** ) and any sums allowed in any previous orders.  Be advised that the amount stated herein is an estimate and debtor's attorney may apply for fees in excess of the estimated amount.  Attorney must file and serve a detailed fee application on interested parties, who will have an opportunity to review and object to such fee application.  Fees approved by the court shall be paid as an administrative priority expense, with priority over unsecured priority claims identified in 11 U.S.C. § 507(a)(2)-(9).

**Para 4.4:**  The debtor(s) estimate the total amount of other priority claims to be **$7.400.00** payable as funds become available after set monthly installments pursuant to the plan are made and after higher priority unsecured claims are paid.

| Part 9: | Signatures: |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

X    /s/ Michael Gallegos                             X    _____
     **Michael Joseph Gallegos**                              Signature of Debtor 2
     Signature of Debtor 1

     Date    August 24, 2018                          Date    _____

X    /s/ Jeffrey P. Kaufman                          Date    August 24, 2018
     **Jeffrey P. Kaufman 8022**
     Signature of Debtor(s) Attorney

**By filing this document, the Debtor(s), if not represented by an attorney, or debtor(s) attorney also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Idaho Form Chapter 13 Plan, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | **$57,406.00** |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*) | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | **$13,099.08** |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | **$0.00** |
| e. | **Fees and priority claims** (*Part 4 total*) | **$22,270.00** |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | **$5,924.92** |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | **$0.00** |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | **$0.00** |
| j. | **Nonstandard payments** (*Part 8, total*)    + | **$0.00** |
| | **Total of lines a through j** | **$98,700.00** |