Noah G. Hillen, ISB No. 7690
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 6538
Boise, Idaho 83707
Telephone (208) 297-5774
Facsimile (208) 297-5224
ngh@hillenlaw.com

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

In Re:

Gallegos, Michael J.

              Debtor.

Case No. 18-00597-TLM
Chapter 7

**STIPULATION FOR SALE OF REAL PROPERTY**

Noah Hillen, the chapter 7 trustee ("Trustee") for the bankruptcy estate of Michael J.

Gallegos ("Debtor"), and Anne K. Gallegos ("Defendant"), hereby stipulate and agree as follows:

1.      Debtor and Defendant were married on June 15, 2002.

2.      While married, Debtor and Defendant acquired the real property located at 570 E.

Ocelot Court, Meridian, Idaho, 83646 (the "Real Property"), which is legally described as:

Lot 63 in Block 2 of Saguaro Canyon Subdivision No. 2 according to the official plat thereof, filed in Book 94 of Plats at Pages 11383, and as Amended by an Affidavit Recorded February 7, 2008 as Instrument No. 106019380, Official Records of Ada County, Idaho.

3.      On February 2, 2015, a Judgment and Decree of Divorce (the "Divorce Decree")

was entered regarding the Debtor's and Defendant's marriage in the District Court of the Fourth

Judicial District of the State of Idaho, Ada County, Case No. CV DW 14-13156.

4.      Pursuant to Paragraph 17 of the Divorce Decree, Defendant was permitted to

continue to reside in the Real Property, but Defendant was required to refinance or remove

Debtor from any indebtedness encumbering the Real Property within 60 days of entry of the

Divorce Decree.

**STIPULATION FOR SALE OF REAL PROPERTY- 1**

5.      Pursuant to Paragraph 18 of the Divorce Decree, if Defendant was unable to refinance or remove Debtor from any indebtedness encumbering the Real Property with the sixty day period, then the Real Property was required to be sold.

6.      Debtor filed a chapter 13 bankruptcy petition May 8, 2018 (the "Petition Date"), which converted to a chapter 7 case on November 27, 2018.  On the Petition Date, Debtor resided at the Real Property.

7.      Debtor owns an undivided 50% interest in the Real Property and Defendant owns an undivided 50% interest in the Real Property

8.      Pursuant to 11 U.S.C. § 541, Debtor's interest in the Real Property is property of the bankruptcy estate.

9.      On May 2, 2019, Trustee commenced Adversary Proceeding No. 19-06038-TLM (the "Adversary Proceeding") against Defendant seeking Court approval to sell the Real Property pursuant to 11 U.S.C. § 363(h).

Based upon the forgoing recitals, Trustee and Defendant Agree as follows:

A.      Pursuant to 11 U.S.C. § 363(h), Debtor and Defendant agree that Trustee may sell 100% of the Real Property consisting of both Debtor's undivided 50% interest and Defendant's 50% interest.  Partition of the Real Property, is impractical and in order to maximize the sale price of the Real Property, Defendant agrees Trustee may sell the Real Property in its entirety.

B.      Upon the entry of an order approving this stipulation, Trustee is authorized  and directed to dismiss the Adversary Proceeding.  Trustee and Defendant specifically waive the right to require an adversary proceeding to compel a sale of the Real Property pursuant to 11 U.S.C. § 363(h).

**STIPULATION FOR SALE OF REAL PROPERTY- 2**

C.      Trustee and Defendant agree to split the net sale proceeds of the Real Property

equally.  For purposes of this stipulation, "net sale proceeds" shall mean the Real Property gross

sale proceeds less payment of the promissory note secured by a first priority deed of trust in

favor of Shellpoint Mortgage Servicing, all homeowner's association liens encumbering the Real

Property, homeowner's association assessments, all closing costs, title insurance premiums,

realtor fees, real and personal property taxes, and other reasonable costs of sale.

D.      The bankruptcy estate's net sale proceeds shall be subject to any valid liens of

record that solely encumbering Debtor's 50% undivided interest in the Real Property, but not

Defendant's 50% undivided interest in the Real Property.

E.      Defendant's net sale proceeds shall be subject to any valid liens of record that

solely encumbering Defendant's 50% undivided interest in the Real Property, but not Debtor's

50% undivided interest in the Real Property.

DATED: 6-18-19

Noah G. Hillen
Chapter 7 Bankruptcy Trustee

DATED: 6/17/19

Anne Gallegos

**STIPULATION FOR SALE OF REAL PROPERTY- 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2019 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Jesse A.P. Baker**    ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

**Jeffrey Philip Kaufman**    jeffrey@dbclarklaw.com, maryann@dbclarklaw.com;mbblair@dbclarklaw.com;dbc@dbclarklaw.com;reception@dbclarklaw.com

**Kathleen A. McCallister**    kam@kam13trustee.com, kmccallister13@ecf.epiqsystems.com

**James K Miersma**    bknotice@mccarthyholthus.com, jmiersma@ecf.inforuptcy.com;jmiersma@ecf.courtdrive.com;jmiersma@ecf.courtdrive.com

**Brian J Porter**    brian@hwmlawfirm.com

**US Trustee**    ustp.region18.bs.ecf@usdoj.gov

**Brent Russel Wilson**    bwilson@hawleytroxell.com, cdavenport@hawleytroxell.com

AND, I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by first class mail, postage prepaid:

Anne K. Gallegos
626 E. Red Rock Dr.
Meridian, ID 83646

/s/
Noah G. Hillen

**STIPULATION FOR SALE OF REAL PROPERTY- 4**